BURTON v. BAY STATE GAS CO. OF DELAWARE.

(Circuit Court of Appeals, First Circuit. June 22, 1911.)

No. 919.

CORPORATIONS (§ 559*)—RECEIVERSHIP—EFFECT AS TERMINATING CONTRACT OF EMPLOYMENT.

Primary and ancillary decrees appointing a receiver for a corporation with full powers to exercise all of the rights pertaining to the corporation and its officers relating to the management of its business and property, and enjoining it and its officers and directors from transferring its money or property, had the effect of terminating a contract previously made by the corporation employing a general counsel at a yearly salary, which was terminable at will, and no action or notice by its officers or directors was necessary to effect such termination; their powers having been suspended.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2241–2252; Dec. Dig. § 559.*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. Appeal by Richard J. Burton, executor of Parker C. Chandler, deceased, intervener, from an order disallowing a claim against the Bay State Gas Company of Delaware, defendant. Affirmed.

W. K. Barton, for appellant.

Homer Albers (Orvil W. Smith, on the brief), for appellee.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. The appellant is executor of the will of the late Parker C. Chandler, Esquire, formerly counsel for the appellee. The executor appeals from a decree of the Circuit Court to the effect that a contract between the Bay State Gas Company of Delaware and said Chandler, whereby said Chandler was employed as general counsel at $5,000 a year, with an allowance of $3,000 a year for expenses, was terminated by receivership proceedings, and was not in force after July 1, 1903.

The executor contends that this contract was continuously in force during the period from April 15, 1903, to December 26, 1907 (when it was terminated by notice of the election of a successor), and that for this entire period compensation is due at the rate agreed.

The Circuit Court allowed the claim for services and expenses to July 1, 1903, and disallowed the claim for the period thereafter.

The principal question upon this appeal is whether after July 1, 1903, there was still in force a contract for the services of Mr. Chandler as general counsel, at the above rate of compensation.

At a meeting of the board of directors of the appellee on November 18, 1902, Mr. Chandler was elected "as general counsel for the company," and he was paid at the above-named rate up to April 15, 1903. The term for which he was appointed was not specifically named.

The appellant contends:

"The employment of Mr. Chandler as general counsel specified no term of service and was for an indefinite period."

For our present purposes this contention may be accepted. Whether the appointment was for an indefinite period, or, in view of former dealings, for the period of a year unless sooner terminated at the will of either party, or for the entire period of a year, we need not discuss. The appellant has made no claim on quantum meruit or for breach of a contract for a year's services, but has deliberately chosen his ground.

Having established the existence of a contractual relation between the parties, which was recognized by the Gas Company in its payment of April 15, 1903, and in the decree of the Circuit Court by the allowance of the claim to July 1, 1903, the burden is upon the appellant to show that this relation continued after July 1, 1903. The Circuit Court found that it was terminated by the appointment of a receiver.

A receiver for the company was appointed May 26, 1903, in the district of Delaware. On June 8, 1903, an ancillary receiver was appointed in the district of Massachusetts, and on July 1, 1903, an ancillary receiver was appointed in the Southern district of New York.

It is conceded by the appellant that Mr. Chandler's contract with the company could be terminated at will either by himself or by the company. In other words, the termination of the contract by the voluntary act of the company would have impaired no obligation and destroyed no right vested in Mr. Chandler.

The decrees in this district and in the Southern district of New York were assented to by Mr. Chandler as counsel for the appellee, the Gas Company.

Furthermore, it is apparent that, if through proceedings in equity and through a receivership the corporation was involuntarily deprived of its powers to make further contracts or to deal further with its property, a decree to this effect would impair no right of Mr. Chandler. A contract at will could subsist only so long as each party was of ability to contract. If the intervention of third parties through proceedings in equity destroyed or impaired to a substantial degree the power of the Gas Company to continue the same relations with Mr. Chandler, this infringed none of his rights.

That the decrees whereby primary and ancillary receivers were appointed divested the corporation and its directors of all powers to institute suits, and conferred such power upon the receiver, is conceded by the appellant's brief. Here alone is such a limitation of the ability of the corporation to contract in respect to legal service as is inconsistent with the former relation between the corporation and its counsel.

Furthermore, the decree appoints a receiver of all the property of the corporation to hold the said property and income under and pursuant to the orders of the court.

It is evident that no power remained in the corporation to impose a continuous charge upon this property without the consent of the

court or of the receiver. Granting that the appointment of a receiver was not for the purposes of dissolution and winding up, but a "litigating receivership," for defined purposes and temporary in its character, and that the corporation could still be sued upon its contracts, and that legal services might be necessary for the corporation itself pending the receivership, it does not follow that its ability to maintain during the receivership the former contractual relation was preserved.

The receivership so changed the subject-matter of the contract between the company and its counsel that, even if there still remained the opportunity for Mr. Chandler to perform some services, and if some services were in fact rendered, there cannot be implied from this alone a continuing agreement to pay for these limited services the same rate of compensation that was agreed upon, while the corporation was of full legal capacity, as a just compensation for its general counsel.

The argument that the contract once made continued in force until formal notice was given by the officers of the corporation of its desire to terminate it we cannot accept. Full notice of the legal inability of the corporation to avail itself of his services as before was given by the decrees, two of which were assented to by the corporation through Mr. Chandler himself.

The master made the following findings:

"(12) That the decrees, primary and ancillary, appointing the receiver provide. * * *

"And it is further ordered that the said defendant and its officers, agents, directors, and employés are hereby enjoined from exercising any of the franchises or rights of the said defendant or from collecting, transferring, or assigning any of its assets, moneys, or funds to any person other than the said receiver until this court shall otherwise order.

"And it is further ordered that the receiver shall, in the first instance, have full power to employ and discharge, and to fix the compensation of such officers, agents, attorneys, and employés as he may deem necessary to aid him in the discharge of his duties. * * *

"And it is further ordered that the said receiver is hereby invested with full power to do and perform all acts expedient and necessary to carry the above powers into effect and with all the powers vested in receivers in like cases with full power to exercise all of the rights of and pertaining to the defendant the Bay State Gas Company (of Delaware), or to its officers, agents, directors, and employés, with and in respect to stocks of other corporations belonging to said defendant."

"(5) And it is further ordered that the defendant, and its officers, agents, directors, and employés, are hereby enjoined from interfering with said receiver in the performance of the trust hereby committed to him, or from transferring or intermeddling with any of the funds or property of defendant."

"(13) I find that said Parker C. Chandler, as counsel for the Bay State Gas Company of Delaware, was present at the hearing at which the ancillary receiver was appointed in this jurisdiction, June 8, 1903, and as such counsel assented to such appointment, and also that he was present and assented to the appointment of the ancillary receiver in the Southern district of New York on July 1, 1903.

"(14) I further find that the receiver of the Bay State Gas Company of Delaware neither employed nor authorized his counsel, Mr. Whipple, to employ said Parker C. Chandler."

After the entry of injunctive orders of such breadth, the failure of the directors or other officers of the corporation to notify their gen-

eral counsel of their desire to terminate or restrict the scope of his former employment is of no significance.

In this case we are not required to consider the effect of a receivership upon an existing contract for a specific term extending beyond the date of the receivership. The question is merely as to the date of the termination of a contract at will to pay at a given rate for specified services.

Mutual assent, express or implied, is as necessary for the continuance of such a contract as for its inception, and assent of the corporation cannot bē implied after the limitation of its powers by the decrees. Nor is a question of the right of the corporation to be represented by counsel pending the receivership, or of its ability to employ and agree, with or without the consent of the court, to compensate counsel for services, during the receivership, involved in this case. There is a distinct disclaimer of all claim for the value of such services as were actually rendered. The case is rested solely upon the ground that the same contractual relation that existed before the receivership was continued by the assent of parties after the decree appointing a receiver, regardless of the limitation of the powers of the corporation, its directors, officers and agents, by the injunctive orders contained in said decree.

We are of the opinion that this contention is erroneous. Whether the contract terminated earlier than July 1, 1903, we are not called upon to consider. The conclusion of the Circuit Court that it was not in force after July 1, 1903, and the disallowance of the claim for compensation and allowances after July 1, 1903, at the former rate are in our opinion right.

The judgment of the Circuit Court is affirmed, the appellee to recover costs in this court.